IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRA BERNHEISEL,

        Plaintiff,

v.                                                                  No. 20-cv-37 CG/SCY

CYFD,

        Defendant.

**ORDER DENYING MOTION TO APPOINT COUNSEL AND FOR EXTENSION**

This matter comes before the Court on pro se Plaintiff's letter, filed January 20, 2021. Doc. 4. Plaintiff's letter, which the Court construes as a motion, makes two requests: appointment of counsel and an extension of time. For the reasons stated below, the Court denies both requests.

**1. Appointment of Counsel**

Plaintiff ask the Court to appoint counsel to represent her because she is unable to afford one in this matter. Doc. 4 at 1. "[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 F. App'x. 458, 462 (10th Cir. 2012). However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an indigent party in a civil case." *Commodity Futures Trading Com'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008) (citing *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006)). "The decision to appoint counsel is left to the sound discretion of the district court." *Baker v. Simmons*, 65 Fed. App'x 231, 238 (10th Cir. 2003) (quoting *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001)). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to

present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 F. App'x. 863, 865 (10th Cir. 2001).

The Court finds that the Tenth Circuit factors currently weigh against appointment of counsel. Plaintiff's complaint is two handwritten pages, asserting that CYFD took her children without due process which has caused mental distress to her and her children. Nothing in Plaintiff's complaint or her motion convinces the Court that the facts of her claim, the complexity of the legal issues raised, the merits of her claim, or her ability to present her claims necessitates counsel. Accordingly, the Court denies Plaintiff's request to appoint counsel.

2. **Extension of Time**

In her letter, Plaintiff also requests "an extension of the deadlines the court has set for this case." Doc. 4 at 1. The Court denies this request because it has not yet issued an initial scheduling order and so there are currently no deadlines to extend.

The Court, however, reminds Plaintiff that she is required to effect service upon the Defendant. *See* Fed. R. Civ. P. 4(c). Plaintiff should therefore either properly serve the Defendant as required by Rule 4, file a notice stating that service is complete, or request that the Defendant waive service under Rule 4(d).

**IT IS THEREFORE ORDERED** that Plaintiff's letter, characterized as a motion to appoint counsel and for an extension (Doc. 4), is DENIED.

_____
**UNITED STATES MAGISTRATE JUDGE**