IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRA BERNHEISEL,

     Plaintiff,

vs.                                      Case No. 21-CV-00037 KG/SCY

CYFD,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on two competing Motions.  First, Defendant New Mexico Children, Youth, and Families Department (CYFD) filed a Motion to Dismiss Plaintiff Terra Bernheisel's claims.  (Doc. 18).  Ms. Bernheisel, proceeding *pro se*, did not timely respond to the Motion.  *See* (Doc. 20).  Instead, after receiving CYFD's Notice of Completion of Briefing, Ms. Bernheisel submitted a Motion, which seeks (1) denial of CYFD's Motion to Dismiss, (2) an extension of time to respond to the Motion, (3) permission to provide briefing, and (4) a hearing.  (Docs. 20 and 21).

Any parent would be reasonably frustrated and distraught at losing custody of their children.  Nonetheless, having considered the briefing and the pleadings, and finding itself bound by the law on point, the Court denies Ms. Bernheisel's Motion as futile and grants CYFD's Motion to Dismiss.  All claims brought by Ms. Bernheisel against CYFD in this action are dismissed with prejudice due to the applicable statutes of limitations.[1]  Separate judgment will follow.

---

[1] A dismissal based on the running of the statute of limitations is treated as dismissal with prejudice. *Rodriguez v. Colorado*, 521 Fed.App. 670, 671 (10th Cir. 2013); *King v. Lujan*, 1982-

I.      *Background*

This suit arises from Ms. Bernheisel's *pro se* claim that CYFD removed her children

from her custody in violation of her civil rights and her rights under the Americans with

Disabilities Act (ADA).  (Doc. 1-2) at 2.  She also claims a tort for intentional infliction of

emotional distress.  *Id*.  Ms. Bernheisel demands $10,000,000.00 in damages.  *Id*.  Ms.

Bernheisel filed her complaint in New Mexico state court in the Second Judicial District on

September 30, 2020.  *Id*. at 1.  CYFD removed the case to this Court based on federal question

jurisdiction because of the ADA claim.  (Doc. 1).  This Court therefore notes jurisdiction per 28

U.S.C §§ 1331 and 1367.

Ms. Bernheisel alleges that in May 2016, CYFD removed her children from her custody

based on her admission that she uses medical cannabis.  (Doc. 1-2) at 1.  She claims that CYFD

took her children in violation of due process, without establishing paternity of the children, and

without offering reunification at any point.  *Id*.

CYFD now moves to dismiss because, it argues, Ms. Bernheisel's claims are barred by a

combination of a lack of statutory notice, the naming of invalid defendants, and the running of

the statute of limitations.  *See generally* (Doc. 18).  CYFD construes Ms. Bernheisel's complaint

as bringing three claims: first, a tort claim pursuant to the New Mexico Tort Claims Act

(NMTCA), second, a statutory claim pursuant to the ADA, and third, a civil rights claim

pursuant to 42 U.S.C. § 1983.  *Id*.

CYFD argues the NMTCA claim is barred because Ms. Bernheisel failed to provide

proper notice of her intent to sue as required by NMSA § 41-4-16.  (Doc. 18) at 2–4.  CYFD

---

NMSC-063, ¶ 9 (where period of limitations has run a dismissal without prejudice is tantamount
to dismissal with prejudice)

urges that this is a jurisdictional defect requiring dismissal under Federal Rule of Civil Procedure

12(b)(1).  *Id*.  CYFD further argues the NMTCA claim was not brought within the two-year

statute of limitations, requiring dismissal under Rule 12(b)(6).  *Id*. at 5-6 (citing NMSA § 41-4-

15).  CYFD next argues that the ADA claim is barred by a four-year statute of limitations.  *Id*. at

6–7 (citing NMSA § 37-1-4 for the proposition that New Mexico would apply a default four-year

statute of limitations where the ADA is silent).  Finally, CYFD contends the § 1983 claim is

barred by a three-year statute of limitations and that the claim is defective because CYFD is not a

"person" suable under the statute.  *Id*. at 7–8.

II.      *Legal Standard*

         A.  *Dismissal Standards*

         Rule 12(b)(1) provides for challenges to the court's subject-matter jurisdiction while Rule

12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can

be granted."  Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks jurisdiction

to hear a claim.  Rule 12(b)(1) motions may be either a facial attack or a factual attack.  *See Holt*

*v. United States*, 46 F.3d 1000, 1002–1003 (10th Cir. 1995).  When, as here, a party makes a

factual attack on the Court's jurisdiction, the Court has discretion to allow affidavits without

converting the motion to dismiss to a motion for summary judgment.  *Id*.  Accordingly, the Court

considers the affidavit of Jose Puentes attesting that the New Mexico Risk Management Division

never received a Tort Claim Notice from Ms. Bernheisel.  (Doc. 18-1).

         Under Rule 12(b)(6), a plaintiff's complaint must set forth factual allegations that "raise a

right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  In analyzing a Rule 12(b)(6) motion to dismiss, all "well-pleaded factual allegations in

the complaint are accepted as true and viewed in the light most favorable to the nonmoving

party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (citation omitted).  A court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

Although a statute of limitations bar is generally an affirmative defense, it may be resolved on a 12(b)(6) motion to dismiss when "the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016); *accord Torrez v. Eley*, 378 Fed. Appx. 770, 772 (10th Cir. 2010).  The Court notes that the Complaint contains two dispositive dates: (1) May 2016, the date on which the conduct giving rise to the action occurred, and (2) September 30, 2020, the date on which the complaint was filed in state court.  (Doc. 1-2).

### B.  Pro Se Litigant Considerations

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This "rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority" or her "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements." *Id*.  However, a party's "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994), cert. denied, 514 U.S. 1048 (1995).

C.  *Statutes of Limitation*

The Court acknowledges that statutes of limitations could feel technical or even arbitrary

to the non-lawyer.  Nonetheless, the law imposes strict time limits on lawsuits for good reason.

Imagine the criminal context.  Statutes of limitation mean that the government can only charge

and prosecute someone for a certain amount of time after a crime has been committed.  As the

Supreme Court and New Mexico Court of Appeals have both explained, the "purpose is to limit

exposure to criminal prosecution to a certain fixed period of time."  *State v. Trevizo*, 2011-

NMCA-069, ¶ 18 (cleaned up) (quoting *Toussie v. United States*, 397 U.S. 112, 114 (1970)).

> Such a limitation is designed to protect individuals from having to defend
> themselves against charges when the basic facts may have become obscured by the
> passage of time and to minimize the danger of official punishment because of acts
> in the far-distant past.  Such a time limit may also have the salutary effect of
> encouraging law enforcement officials promptly to investigate suspected criminal
> activity.

*Toussie*, 397 U.S. at 114–15.

Returning to the civil context, like the case now before the Court, the reasoning is much

the same.  The law supposes that timely lawsuits are good because they protect defendants from

having to defend themselves in perpetuity.  "The underlying purpose of statutes of limitation is to

prevent the unexpected enforcement of stale claims"  where a defendant might be "thrown off

their guard" by a plaintiff's failure to bring a lawsuit sooner.  *Pashley v. Pacific Elec. Co.*, 25

Cal. 2d 226, 228-29. 153 P.2d 325, 326 (1944) (quoting 1 Horace G. Wood, A Treatise on the

Limitation of Actions 8-9 (4th ed. 1916)).  To summarize, statutes of limitation promote faster

adjudication of cases, which promotes all the following goals: (1) peace of mind for parties, (2)

avoiding disrupting settled expectations, (3) reducing uncertainty and costs, (4) minimizing the

deterioration of evidence, (5) ensuring accurate fact-finding, (6) preventing fraud, (7) promoting

diligence, and (8) placing defendants and plaintiffs on equal footing.  Tyler T. Ochoa and

Andrew Wistrich, *The Puzzling Purposes of Statutes of Limitation*, 28 Pac. L. J. 453 (1997).

For all of these reasons, courts like this one consider it critical to enforce the time limits

placed on lawsuits.

III.    *Discussion*

A.  *CYFD's Motion to Dismiss*

i.  *NMTCA Claim*

Ms. Bernheisel's tort claim for intentional infliction of emotional distress fails for lack of

notice to the State as required by statute.  Though Ms. Bernheisel does not state as such, the

Court, like CYFD, construes the tort claim against a government agency as arising under the

New Mexico Tort Claims Act (NMTCA).  The State of New Mexico only waives its sovereign

immunity, allowing itself to be sued, under limited circumstances.  One requirement under the

statute is that a potential plaintiff give the state written notice of an intent to sue within 90 days

of the occurrence creating the claim unless the government has otherwise received actual notice.

NMSA § 41-4-16(A) & (B); *see also Powell v. New Mexico State Highway & Transp. Dep't*,

1994-NMCA-035, ¶ 8 ("Actual notice to the governmental entity involves actual notice that

litigation is likely to ensue, not simply actual notice of the occurrence or accident.").  According

to the affidavit which CYFD filed with its Motion to Dismiss, Ms. Bernheisel has never, since

2016, given notice to the State of New Mexico.  (Doc. 18-1).  Ms. Bernheisel has alleged no

facts which contradict this position.  *See* (Docs. 1-2 & 21).

A lack of proper notice deprives a court of jurisdiction to hear a NMTCA case.  NMSA §

41-4-16(B); *accord Herald v. Bd. Of Regents of the Univ. of N.M.*, 2015-NMCA-104, ¶ 49.

Accordingly, this Court dismisses the NMTCA claim for lack of jurisdiction under Rule

12(b)(1).

Even if the notice requirement had been met, any tort claims arising under the NMTCA

must also fail based on the statute of limitations.  New Mexico imposes a two-year statute of

limitations on NMTCA claims.  NMSA § 41-4-15.  The facts pled by Ms. Bernheisel reveal that

the cause accrued in May 2016 and the complaint was filed in September 2020—a period of four

years and four months.  (Doc. 1-2).  For this reason, the tort claim is barred by the statute of

limitations and must be dismissed for failure to state a claim under Rule 12(b)(6).

### D.  ADA Claim

Ms. Bernheisel's ADA claim also fails for running afoul of the statute of limitations.  In a

non-employment claim brought under the ADA, courts apply the applicable state statute of

limitations for the most analogous cause of action.  *E.g.*, *EEOC v. W.H. Braum, Inc.*, 347 F.3d

1192, 1197–98 (10th Cir. 2003).  The Court agrees with CYFD that the most analogous state

statute of limitations is not entirely clear, and therefore finds the state would likely apply its

default four-year statute of limitations according to NMSA § 37-1-4.

As noted, Ms. Bernheisel filed her complaint four years and four months after the cause

of action accrued.  *See* (Doc. 1-2).  Her ADA claim falls outside the statute of limitations and

must be dismissed according to Rule 12(b)(6).

### E.  Section 1983 Claim

Ms. Bernheisel argues her civil rights and due process were violated by CYFD, which

this Court construes as a claim for damages arising under 42 U.S.C. § 1983.[2]  Ms. Bernheisel's §

---

[2] Though neither party directly briefs the question of civil rights claims arising under the New
Mexico Constitution, the Court notes that Ms. Bernheisel claims violations of her "civil rights"
generally.  (Doc. 1-2) at 2.  On this topic, "absent a waiver of immunity under the Tort Claims

1983 claim is also barred by the relevant statute of limitations.  In a § 1983 claim, courts apply

the state's general personal injury statute of limitations.  *E.g.*, *Roberts v. Barreras*, 484 F.3d

1236, 1238 (10th Cir. 2007).  In New Mexico, the relevant law creates a three-year statute of

limitations.  NMSA § 37-1-8.   Ms. Bernheisel's complaint, filed over fours years after accrual,

is barred by the statute of limitations.  To the extent Ms. Bernheisel brings a § 1983 claim, it is

dismissed.

CYFD argues that any § 1983 claim is also defective because CYFD is not a "person"

subject to suit under the law.  (Doc. 18) at 7 (citing *McLaughlin v. Bd. of Trustees of State*

*Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000)).  This Court agrees.  *See* 42 U.S.C.

§ 1983 (requiring the deprivation of a civil right by a "person" acting under color of state law);

*see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding the state is not a

"person" under § 1983).  Thus, Ms. Bernheisel fails to state a valid claim under § 1983 for this

additional reason.

### B.  Ms. Bernheisel's Motion

The Court denies Ms. Bernheisel's Motion.  "[P]ro se litigants are to be given reasonable

opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3

(citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir.1990); *Jaxon v. Circle K*

*Corp.*, 773 F.2d 1138, 1140 (10th Cir.1985)).   That said, dismissal is appropriate "when it is

---

Act, a person may not sue the state for damages for violation of a state constitutional
right."  *Ford v. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 26.  The Court concludes that the
NMTCA governs any implied claim of civil rights violations arising under the New Mexico
Constitution.  Accordingly, to the extent Ms. Bernheisel alleges violations of the state
Constitution, her claims for damages fail for the same reasons as her claim for intentional
infliction of emotional distress.

'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Id*. at 1109–10.

Though liberal construction and reasonable opportunities to cure defects should be granted to *pro se* litigants, the Court concludes any further pleading or briefing would be futile. The test for futility is whether a proposed amendment would "cure the deficiencies in the original complaint" complaint. *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (citing *Mountain View Pharmacy v. Abbott Lab.,* 630 F.2d 1383, 1386, 1389 (10th Cir.1980)).

Ms. Bernheisel's complaint does not suffer from a procedural defect or a factual deficiency. Rather, the necessary facts are present which prove her complaint was filed over four years after her claim arose and that the statutes of limitation bar her claims. Neither an amended complaint, extra time for briefing, nor an evidentiary hearing could change those facts and conclusions. While the Court is sensitive to Ms. Bernheisel's obvious frustration and pain, the law on this point is clear.

IV.     *Conclusion*

The Court concludes that each of Ms. Bernheisel's claims are barred by the relevant statutes of limitation. Any claims brought under the NMTCA suffer the additional jurisdictional defect that no proper notice was given to the State. And any claim brought under § 1983 is facially deficient for failure to name a "person" who is subject to suit under the law. For these reasons, the Court grants CYFD's Motion to Dismiss (Doc. 18). Ms. Bernheisel's Motion (Doc. 21) is denied as futile.

All claims brought by Ms. Bernheisel against CYFD in this case are hereby dismissed with prejudice. The Court will enter a separate judgment to that effect.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE